COMMONWEALTH *vs.* JAMES BOYLE.

Middlesex. November 21. — 25, 1887. DEVENS & W. ALLEN, JJ.,
absent.

At the trial of a complaint for keeping and maintaining a tenement used for the
illegal sale and illegal keeping of intoxicating liquors, there was evidence tend-
ing to show that the tenement in question was visited within the time alleged,
and the defendant was found behind a bar, where cigars and hop beer contain-
ing less than three per cent of alcohol were kept; that samples of dirty water
were taken from a tank under the bar near where the defendant stood, and from
the bottom of an ice-chest, which samples, on analysis, were found to contain
more than three per cent of alcohol; that on each visit the defendant was seen
to go to the tank and go through the motion of rinsing a two-quart can, which
was kept under the bar; that an empty can was found in the ice-chest which
smelt of whiskey; and that the sample of the water taken from the bottom of
the ice-chest also smelt of whiskey. *Held*, that the evidence was competent;
and that it was sufficient to warrant a verdict of guilty.

COMPLAINT for keeping and maintaining a common nuisance,
to wit, a shop, in Malden, used for the illegal sale and illegal
keeping of intoxicating liquors, on September 10, 1886, and on
divers other days and times between that day and September
25, 1886. Trial in the Superior Court, before *Blodgett*, J., who
allowed a bill of exceptions, in substance as follows:

There was evidence tending to show the following facts:
Two police officers visited the shop in question within the time
alleged, and found the defendant behind the bar, where cigars
and hop beer containing less than three per cent of alcohol were
kept. The officers took samples of dirty water, one from a tank
under the bar near which the defendant stood, and the other from
the bottom of an ice-chest. These samples were sealed up in two
bottles, one of which. one of the officers subsequently left in the
office of the State Assayer, one Sharples, in Boston, and when
he left it there he did not see the assayer. On each occasion
when the officers visited the shop, as above stated, they saw the
defendant go to said tank and go through the motion of rinsing a
two-quart can, which was also kept under said bar. On one occa-
sion when they visited the shop, they found in the ice-chest an
empty can which smelt of whiskey, and a sample of the water
taken from the bottom of the ice-chest also smelt of whiskey.

Sharples testified, for the government, that he analyzed the contents of the two bottles, and that they contained more than three per cent of alcohol. The bottles or contents were not produced, nor was any certificate of analysis produced.

The defendant asked the judge to instruct the jury, " that there must be proved a sale or some act of keeping or offering for sale in said shop by the defendant; and that the jury must be satisfied that what liquor was found and analyzed was a beverage, to be used as such."

The judge refused so to rule, but instructed the jury, in addition to other instructions to which the defendant did not except, that there was competent evidence in the case tending to prove that the defendant was guilty; and that the defendant should be convicted, if, upon all the evidence in the case, they were satisfied, beyond a reasonable doubt, that the defendant used his shop, within the time named in the complaint, for the illegal sale of intoxicating liquor.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*A. V. Lynde & W. P. Harding*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

BY THE COURT. It was not necessary for the government to prove an act of sale or offering for sale. It was required to prove that the defendant kept the premises, and used them for the illegal sale or illegal keeping of intoxicating liquors; but this burden of proof may be met by other evidence than that of specific sales. The instructions given at the trial were sufficient and appropriate. The evidence excepted to was clearly competent.                                          *Exceptions overruled.*